**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:26-cr-97** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | |
| **DAVONTA TYQUAN FLOOD, *a/k/a*** | : | |
| **DEVONTA TYQUAN FLOOD,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before this Court on the Motions *in Limine* of Defendant Davonta Tyquan Flood, *also known as* Devonta Tyquan Flood, seeking to exclude evidence, (ECF No. 33), and the Government's response, (ECF No. 42). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

For several weeks, the Special Investigations Unit of the Franklin County Sheriff's Office conducted surveillance of 85 1/2 South Wheatland Avenue, "looking for purported drug activity." (ECF No. 33 at 2).[1] During that time, they observed Flood and other individuals coming and going from the residence. In one instance, law enforcement examined residence trash and "found baggies with torn corners, white powder residue, and nitrile gloves. One bag . . . yielded results for various illegal drugs" upon testing. (*Id.*). On June 2, 2026, the Franklin County Municipal Court issued a search warrant for the residence, and the warrant was executed the next day. Flood and two other people were inside the residence at the time. During the execution of the search warrant, law enforcement seized a handgun and other items, including the handgun, a mobile phone, various

[1] For the purpose of addressing Defendant's Motion *in Limine*, this Court primarily relies on Defendant's recitation of the facts and background of the case.

documents, and "small bags of alleged narcotics." (*Id.* at 1–2). A "phone-review report" identified 2026 messages that the Government may characterize as drug-related, including references to "perk," "perk 5," "weed," and "trying to find a 20." (*Id.* at 3). A reviewing agent, relying on training and experience, interpreted those communications as references to unlawful narcotic activity. (*Id.*).

On June 18, 2026, a grand jury charged Flood with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and brought a forfeiture allegation for one Taurus Judge .45 caliber revolver, bearing serial number KR241569, along with all associated ammunition. (ECF No. 16 at 1–2). This case is set for trial beginning October 5, 2026.

Now, Flood seeks an order that would exclude any evidence of alleged drug activity unrelated to the charged firearm offense. Pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b), he seeks to exclude: (1) evidence and testimony concerning surveillance conducted before the execution of the search warrant that is suggestive or indicative of illegal drug activity; (2) drugs and alleged paraphernalia recovered during execution of the search warrant at 85 1/2 South Wheatland Avenue; and (3) alleged drug-related communications or references recovered from his cell phone. (ECF No. 33 at 1). The Government opposes. (ECF No. 42).

## II. STANDARD OF REVIEW

### A. Motions *in Limine*

The purpose of a motion *in limine* is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). Whether to grant a motion *in limine* falls within the sound discretion of the trial court. *Delay v. Rosenthal Collins Grp., LLC*, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012) (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012)). The guiding principle is "to ensure

evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Courts "should exclude evidence on a motion in *limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay*, 2012 WL 5878873, at *2 (citing *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). The burden rests on the movant. *Morrison v. Stephenson*, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. Furthermore, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison*, 2008 WL 343176, at *1 ("Courts . . . are generally reluctant to grant broad exclusions of evidence *in limine*, because a court is almost always better situated during the actual trial to assess the value and utility of evidence." (internal quotation marks omitted)).

Rulings on motions *in limine* are "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)). Thus, a court "may change its ruling at trial for whatever reasons it deems appropriate." *Id.*

### B. Applicable Rules of Evidence

Many motions *in limine* address evidentiary issues, and the applicable Federal Rules of Evidence are instructive. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant, and therefore generally admissible, so long as it "has any tendency to make a fact more or less probable," and so long as "the fact is of consequence in determining the action."

Fed. R. Evid. 401. "The standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (citations omitted). "[A] piece of evidence does not need to carry a party's evidentiary burden in order to be relevant." *Id.* at 401. Additionally, evidence can be relevant even if it does not relate to a fact in dispute, provided the evidence supplies background information about a party or issue. *See* Fed. R. Evid. 401 Advisory Committee's Notes ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."). Assuming evidence is relevant, Rule 403 nonetheless grants trial courts discretion to exclude that evidence "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Relevant evidence of character, character trait, or other acts is likewise inadmissible under Rule 404 "to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

It is within this framework that this Court considers Flood's Motions.

## III. LAW & ANALYSIS

Flood's argument to exclude evidence of alleged drug-dealing is straightforward. As he points out, he is charged with knowingly possessing a firearm and ammunition, but those charges do not turn on drug-related activity. He contends that the challenged evidence is irrelevant and inadmissible under Rules 401 and 402, unfairly prejudicial under Rule 403, and is prohibited as other-acts evidence under Rule 404(b)(1). (ECF No. 33 at 3–4).

The Government counters that evidence of drug activity "is inextricably intertwined with the charged offenses" as *res gestae* evidence, or alternatively should be admitted pursuant to Rule 404(b) as evidence of Flood's opportunity, intent, knowledge, and identity. (ECF No. 42 at 1). They explain that the residential surveillance led to the discovery of a "BMV receipt" with Flood's name in the trash pull, and the search of the residence yielded the firearm, three baggies of cocaine and fentanyl, and a passport application with Flood's name on it in the same room. (*Id.* at 2). After Flood was taken into custody, a phone was recovered on his person, providing a slew of additional evidence. That cell phone evidence included multiple videos taken in the room where the handgun was found, as well as a video of Flood's hand—identifiable by a tattoo—holding a drink on the residence porch and videos of Flood speaking to the camera of the phone "self-style." (*Id.* at 2–3). The device information section of the phone listed the email "devontaflood30@icloud.com" on the device. (*Id.* at 3). In messages, the phone's recipient identified himself as "Devonta" or "Freak," directed recipients to his residence location, and discussed selling "perks" and "soft"—which the Government explains reference Percocets and cocaine. (*Id.* at 3).

"[U]ncharged offenses that are integral to the charged offense can be admitted without regard to admissibility under Rule 404(b)." *United States v. Mayhew*, 380 F. Supp.2d 915, 934 (S.D. Ohio 2005) (Marbley, J.).[2] While Rule 404(b) "prohibits presenting circumstantial evidence of a criminal defendant's prior bad acts unless admitted for a particular purpose, such as proving that the defendant had the motive or opportunity to commit a crime" generally, such evidence "may fall outside Rule 404(b)'s ambit if it forms part of the background of the charged conduct." *United States v. Pratt*, 704 F. App'x 420, 423 (6th Cir. 2017). "*Res gestae* may include evidence that is a

[2] In *Mayhew*, this Court determined that two killings could be considered "intrinsic acts that were 'inextricably intertwined' with [an] alleged kidnapping" despite not being the offense charged. *Mayhew*, 380 F. Supp. 2d at 933–35.

prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *Id.* (citations and internal quotation marks omitted). To determine what constitutes an integral uncharged offense, as compared to other-acts evidence as contemplated by Rule 404(b), this Court must determine whether the challenged evidence is "inextricably intertwined" with evidence of the crime charged. *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995); *accord United States v. Toney*, 161 F.3d 404, 413 (6th Cir. 1998) ("'Intrinsic' acts . . . are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity.") (internal quotation omitted).

In *Pratt*, the Sixth Circuit affirmed the district court's admission of drug-trafficking evidence on a felon-in-possession charge, explaining:

> [Kentucky State Police] officers observed Pratt conducting what they surmised was a drug-trade operation out of his home. . . . This drug-trafficking prompt[ed] them to seek and execute a search warrant on the property—and thus discover the guns.
>
> * * *
>
> The drug trafficking evidence . . . helped explain why Pratt possessed the guns. A reasonable jury could infer that Pratt used the guns to protect his illicit drug trade.
>
> * * *
>
> Evidence related to Pratt's drug-trafficking thus arose from the same events as the felon-in-possession charge, formed an integral part of the witness testimony in this case, and completed the story of how and why Pratt came into possession of several of the guns.

*Pratt*, 704 F. App'x at 423–24 (citations omitted; cleaned up).

In a separate instance, the Sixth Circuit reversed and remanded a district court that had granted a similar Rule 404(b) motion *in limine* and excluded certain evidence as being of other-acts and thus inadmissible. *United States v. Peete*, 781 F. App'x 427, 429–32 (6th Cir. 2019). In that

case, the defendant was charged with being a felon in possession of a firearm (with an obliterated serial number). The Sixth Circuit concluded that the district court abused its discretion in excluding evidence of the defendant's gang affiliation and involvement in a shooting, because that evidence constituted "intrinsic evidence" admissible under Rule 404(b) "to show . . . motive and opportunity to possess the firearm." *Id.* at 429, 443.

In light of these instructive cases, Flood has not clearly shown that the introduction of evidence of: (1) residence surveillance suggestive or indicative of illegal drug activity; (2) drugs and alleged drug paraphernalia recovered from the residence; or (3) alleged drug-related communications recovered from his cell phone, would be inadmissible under Rule 404(b)(1) as other-acts evidence. The Government argues, and Sixth Circuit precedent shows, that such evidence should be considered *res gestae* evidence, intrinsic and integral to, and inextricably intertwined with, the charged offense. Under the Government's theory of the case, Flood's "drug activity was a prelude to his possession of a firearm charge, probative of that offense, and discovered in temporal and spatial proximity to the firearm." *United States v. Shanklin*, 2017 WL 1424302, at *2 (W.D. Ky. Apr. 20, 2017) (citing *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). Such activity would thus appear to be admissible as background or *res gestae* evidence, so Flood's Rule 404(b) challenge fails.[3]

For similar reasons, Flood's challenges under Rules 401, 402, and 403 fail. The probative value of alleged drug evidence "is high with regard to [Flood]'s motive for possessing a firearm." *Shanklin*, 2017 WL 1424302, at *4. Plainly, it is not irrelevant, so Flood cannot prevail on his Rule 401 and 402 arguments. And "[t]he damage from 'the legitimate probative force' of this evidence

[3] This Court need not reach the Government's alternative arguments regarding the admissibility of the evidence.

is not enough for a finding of unfair prejudice." *Id.* This Court finds that the probative value of alleged drug evidence is not substantially outweighed by the danger of unfair prejudice to Flood, and therefore Flood has not demonstrated that this evidence should be excluded under Rule 403.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Defendant Flood has not shown that the drug-related evidence should be excluded prior to trial. His motion (ECF No. 33) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 25, 2026**